Dear Mayor Langlinais:
As mayor for the City of Broussard, you ask whether or not the city council must confirm your appointee for the position of city auditor.
At the outset, we note that the City of Broussard is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et. seq. Pursuant to R.S. 33:386(A), "the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk." Further, in R.S. 33:422, it is provided that "the clerk shall be the auditor of the municipality". R.S. 33:422 provides in its entirety:
 The clerk shall be the auditor of the municipality. He shall keep a book in which he shall enter and preserve accounts of each particular fund, and the accounts of each municipal officer. The treasurer shall not receive money from any source until the same has been reported to the clerk and audited, and a receipt warrant issued therefor. All fines and forfeitures shall be reported by the officer collecting the same, immediately after such collection, and be paid into the treasury. The books of the auditor shall be subject to inspection by the taxpayers of the municipality at any time during business hours.
However, your inquiry concerns hiring a certified public accounting firm for an audit under R.S. 24:513. In such instance, R.S. 33:404(A)(3) directs that the selection of an auditor is subject to the approval of the board of aldermen. The statute provides, in pertinent part:
 Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality. *Page 2 
R.S. 33:404(A)(3) quoted above references R.S. 24:517, the former statutory authority which empowered the mayor and board of aldermen to hire by contract a town auditor. See Attorney General Opinions 92-508 and 91-77, copies attached. Act 610 of the 1991 Louisiana Regular Legislative Session amended and reenacted several statutes pertinent to the legislative auditor and repealed R.S. 24:517. The amending Act sets forth the powers and duties of the legislative auditor, and provides in R.S. 24:513(A)(3) that various independently elected public local officials, boards, commissions, and municipalities "shall be audited or reviewed by licensed certified public accountants." R.S. 24:513(A)(6) further states:
 (6) The legislative auditor shall have the authority to prescribe the terms and conditions of any such audit or review conducted by a licensed certified public accountant and shall be authorized to approve said terms and conditions prior to its commencement and to require the office subject to audit to present said terms and conditions to him for approval. It is the joint responsibility of the office subject to audit or review and the certified public accountant to submit the engagement agreement to the legislative auditor for approval prior to the commencement of the audit. The legislative auditor shall also have access to the working papers of the accountant during the examination and subsequent to its termination.
Despite the fact that R.S. 24:517 was repealed, we affirm the previous opinions of this office that pursuant to the amended statutes the mayor and board of aldermen (here, the city council) have the authority to contract for a city auditor, subject to the review of the legislative auditor as provided by R.S. 24:513(6) quoted above. See Attorney General Opinion 00-232, copy attached.
Again, in response to your specific inquiry, R.S. 33:404 requires that the appointment of a city auditor be approved by the city council.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
77 — Officers — Local Municipal
R.S. 24:513
The Mayor and Board of Aldermen have the authority to contract for a town auditor, but the legislative auditor is authorized to approve said terms and conditions.
Hon. Bennett Baquet
Mayor, City of Ville Platte
P.O. Box 390
Ville Platte, LA 70586
Dear Mayor Baquet:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointing of an accountant for the City of Ville Platte. You indicate at the first regular meeting of the Board of Aldermen after these elected officials began their term in January of 1999 several appointments of officers, including a certified public accounting firm, were made. At a meeting in May of 2000 a resolution was passed for the City to accept bids from other certified public accounting firms interested in auditing the City's financial matters. In light of R.S. 33:386 and R.S. 33:404, you present the following questions:
 1. Is it the Mayor who must initiate the appointments (in particular under R.S. 33:386) of a certified public accounting firm to handle the City's financial matters or can the Board of Aldermen initiate the appointment?
 2. What is the duration of the appointment of the auditing firm made in January, 1999 and does its duration coincide with the duration of the term of the Mayor who appointed it (in this case the term of the Mayor is four years)?
 3. If the appointment of the auditing firm coincides with the term of the Mayor under what circumstances (or for what reasons) can the auditor be dismissed before the expiration of the four year term?
Under R.S. 33:386 it is provided that "the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk * * * and all other necessary officers whose election is not provided for in R.S. 33:381", and that "the term of the clerk * * * shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election." In accordance with R.S. 33:422 it is stated, "The clerk shall be the auditor of the municipality." *Page 2 
However, pursuant to our telephone conversation your inquiry is in regard to contracting with a certified public accounting firm for an audit under R.S. 24:513.
We note that this office had previously concluded that R.S. 24:517 was the statutory authority which empowered the mayor and board of aldermen to hire by contract a town auditor. Atty. Gen. Op. Nos. 92-508, 91-77. Act 610 of 1991 amended and reenacted numerous statutes relative to the legislative auditor and repealed R.S. 24:517. The amending Act sets forth the powers and duties of the legislative auditor, and provides in R.S.24:513(A) that various independently elected public local officials, boards, commissions, municipalities and various other political subdivisions "shall be audited or reviewed by licensed certified public accountants". It is further provided in R.S. 24:513(A)(6) as follows:
 The legislative auditor shall have the authority to prescribe the terms and conditions of any such audit or review conducted by a licensed certified public accountant and shall be authorized to approve said terms and conditions prior to its commencement and to require the office subject to audit to present said terms and conditions to him for approval. It is the joint responsibility of the office subject to audit or review and the certified public accountant to submit the engagement agreement to the legislative auditor for approval prior to the commencement of the audit. The legislative auditor shall also have access to the working papers of the accountant during the examination and subsequent to its termination.
Therefore, despite that R.S. 24:517 was repealed, we find that under the amended statutes the conclusions of the earlier opinions of this office that the Mayor and Board of Aldermen have the authority to contract for a town auditor is still correct. While this office has concluded in Atty. Gen. Op. 98-469 that a mayor, acting alone, is without power to execute a contract binding a city or town in the absence of an ordinance or resolution by the governing authority authorizing him to do so, it was found in Atty. Gen. Op. No. 91-77 that once the Mayor provides a recommendation which is approved by the Board of Aldermen a contract is formed, except the legislative auditor is authorized to approve said terms and conditions.
It is further observed in the latter opinion that the term of the contract is established by the wording of the contract, but if no contract period is specified, "the auditor serves at the pleasure of the Mayor and may be terminated at anytime." Additionally, it was concluded the auditor's contract shall not be for a longer *Page 3 
period of time than the term of office of the mayor, and if the mayor is re-elected, he must recommend an auditor at the beginning of his new term for approval of the Board of Aldermen.
As to your inquiry pertaining to a dismissal of the auditing firm before the expiration of the four year term, we assume this would therefore be a contract without a specified term, and this office in Atty. Gen. Op. 91-77 stated, "If no contract period is specified, the auditor serves at the pleasure of the mayor and may be terminated at anytime."
We hope this sufficiently answers your inquires, but if we can be of further assistance, do not hesitate to contact us.
 Sincerely yours,
 RICHARD P. IEYOUB
 Attorney General
 By: __________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General *Page 1 
90-A-1(b) Public Funds Contracts Professional Services
R.S. 24:517
The Mayor and the Board of Aldermen may contract to hire a town auditor. If the term of the contract is for a year, the contract expires at the end of the year. If the term of the contract is not specified the auditor serves at the pleasure of the Mayor. However the term of the auditor's contract shall not be for a longer period of time then the term of office of the Mayor.
Mr. Bobby Broussard
Member, Board of Aldermen
Town of Broussard
201 E. Railroad
Broussard, LA 70818
Dear Mr. Broussard:
You have requested the opinion of this office concerning whether or not the mayor of the Town of Broussard is required to seek approval from the board of aldermen for renewal of an auditor's contract.
La.R.S. 24:517 is the statutory authority which empowers the mayor and board of aldermen to hire by contract a town auditor. R.S. 24:517
A(6) provides:
 "In order to fulfil the requirements imposed upon any public or quasi public agency or body or political subdivision of the state by the provisions of this subsection, any body shall have the authority to contract for such professional services, without public bid, as such are reasonably necessary for the conducting of examination and an audit of books herein required."
Thus, this statue allows the mayor and the board of aldermen to contract for a town auditor. However, the statue does not provide that the auditor's contract be for a certain term.
As you are aware, this office rendered Opinion Number 91-77 relative to this issue which provided, in part, that "once the Mayor provides a recommendation which is subsequently approved by the Board of Aldermen a contract is formed. The term of the contract is established by the wording of the contract. If no contract period is specified, the auditor serves at the pleasure of the Mayor and may be terminated at anytime." *Page 2 
It is not clear from the facts provided whether the contract entered into by the Town of Broussard and the Town auditor expressed a term of employment. Therefore, assuming the term of the contract was for one year, as alluded to in the minutes of the May 14, 1991 town meeting, the contract will terminate at the end of the one year period.
However, assuming no contractual term is specified in the contract, the auditor will serve at the pleasure of the mayor. Nonetheless, the auditor's contract shall not be for a longer period of time than the term of office of the mayor.
In summary, the mayor and the board of aldermen may contract to hire a town auditor. The term of the contract is established by the wording of the contract. If the term of the contract if for one year, the contract expires at the end of the year. If the term of the contract is not specified, the auditor serves at the pleasure of the mayor. However the term of the auditor's contract shall not be for a longer period of time than the term of office of the mayor.
I trust that this answers your inquiry. Please advise if we may be of further assistance in this matter.
 Sincerely,
 RICHARD P. IEYOUB
 Attorney General
 BY: __________________________
 MARTNA S. HESS
 Assistant Attorney General *Page 1 
Mr. Michael A. Harris
Municipal Attorney
231 Berard St., Suite 101
P.O. Box 377
Breaux Bridge, Louisiana 70517
71 — MUNICIPALITIES
R.S. 24:517 517B(3)
R.S. 33:404 404(A)(3)
Mayor must recommend an auditor to Board of Aldermen when his new term begins. Failure to make a recommendation to Board of Aldermen violates separation of powers doctrine.
Dear Mr. Harris:
You have requested an opinion of this office concerning the selection and retention of a contract accountant serving as City Auditor.
The basic facts as I understand them is that in 1987 the mayor nominated an auditor who was subsequently confirmed by the members of the Board of Aldermen. On January 1, 1991 the mayor, who was re-elected, and the present Board of Aldermen began new terms. The mayor made recommendations to the Board of Aldermen for various positions, but did not make any recommendations for city auditor as he felt the previous appointment was still valid.
This is the basic conflict as the Board of Aldermen believe that at the start of each new term the mayor should make a new recommendation whereas the mayor feels the previous appointment is still valid.
In order to provide a more precise answer to you and to answer additional questions asked over the phone, I have paraphrased and supplemented your questions.
(1) What statutory authority empowers the mayor and Board of Aldermen to hire, by contract, a city auditor?
 LSA R.S. 24:517 Municipal corporations; other public and quasi-public bodies and agencies; examination of books
 A.(6) In order to fulfill the requirements imposed upon any public or quasi-public agency or body or political subdivision of the state by the provisions of this *Page 2 
Subsection, any such body shall have the authority to contract for such professional services, without public bid, as are reasonably necessary for the conducting of examination and an audit of books herein required.
By this statute the mayor and Board of Aldermen may contract for the services of city auditor.
There is no limitation imposed by LSA R.S. 24:517 in regards to the length of time of the auditors contract.
(2) Who recommends and approves the auditors contract?
 LSA R.S. 33:404 Duties of mayor
 (3) . . . Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the Board of Aldermen of that municipality.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
From these two sections of LSA R.S. 33:404 the mayor must recommend the city auditor and the Board of Aldermen must approve the contract.
(3) What is the length of the auditors contract?
Once the mayor provides a recommendation which is subsequently approved by the Board of Aldermen a contract is formed. The length of the contract period is established by the wording of the contract. If no contract period is specified, the auditor serves at the pleasure of the mayor and may be terminated at anytime.
However, there is one factor which limits the auditor's contract period. If no contract period has been specified, the contract terminates at the end of the mayor's term of office. In addition, no contract period can be *Page 3 
established greater in time than the mayor's term of office. Even if the mayor is re-elected he must recommend an auditor at the beginning of his new term for approval by the Board of Aldermen.
The reasoning for this is based upon classic separation of powers doctrine. Each branch, legislative, executive, and judicial serve as a check upon the other. To allow an auditor to serve past a mayor's term into the next term without a new recommendation by the mayor would usurp the power of the newly elected Board of Aldermen. A mayor could conceivably make appointments with no contract periods which once approved would allow him to virtually ignore future Boards of Aldermen.
The mayor may recommend the present auditor, but he must make a recommendation, subject to approval by the Board of Aldermen, when his new term begins.
Under the present fact pattern the mayor must make a recommendation for auditor to the Board of Aldermen.
 (4) Is the yearly commitment letter required by the legislative auditor a contract, and may the mayor enter same without prior approval of the Board of Aldermen in light of LSA R.S. 33:404(A)(3)?
 LSA R.S. 24:517 Municipal Corporations; other public and quasi-public bodies and agencies; examination of books
 B.(3) There shall be an agreement entered into between the municipality and auditor or accountant prior to the commencement of any audit under this Part, which agreement shall include the requirement that the audit be made in accordance with the provisions of the Louisiana Governmental Audit Guide, and that the auditor or accountant shall furnish a copy of the audit report along with any management letters of written recommendations to the legislative auditor immediately upon completion of said audit. The agreement shall further provide that the legislative auditor shall have access to the working papers of said auditor or accountant. . . .
The purpose of this agreement is to ensure that certain requirements, i.e. "the audit will be made in *Page 4 
accordance with the provisions of the Louisiana Governmental Audit Guide. . ." are met by the city auditor.
There is no contract involved with the yearly commitment letter. For there to be a contract "consideration", "the giving up of a legal freedom" must be involved.
By the requirements of LSA R.S. 24:517 B.(3) the city auditor must
comply with certain procedures listed under this statute. No legal relationship exists between the City of Breaux Bridge and the city auditor in regards to whether he will comply with this section.
A legal relationship cannot be formed with another party requiring them to obey a state statute. See CC Art. 1756 Obligations; definition.
The yearly commitment letter is not a contract.
If this office may be of any further assistance please call on us.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY: __________________________
 ROBERT L. COCO
 Staff Attorney